UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

     Plaintiff,

                             Case No. 2:22-cv-10748

v.                            Hon. Denise Page Hood

D. WELLER, ET AL,

     Defendants.

_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Edward Donald Burley is currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan.

The Court identifies forty-five Defendants named in the complaint: (1) CO Weller, (2) CO Nalley, (3) ADW Clouse, (4) ARUS McCary, (5) ARUS Johnson, (6) Warden Parish, (7) CO Austin, (8) CO Ratliff, (9) ARUS McColl, (10) ADA Smith, (11) ARUS Erway, (12) L Willingham, (13) RUM Haske, (14) Dr. R. Crompton, (15) Goodspeed, (16) Chaplin Pelsky, (17) Chaplain S Adamson, (18) CO Brown, (19) RN Lori Blanchard, (20) J Tunell, (21) Kenneth McKee, (22) Chaplain Duby, (23) Chaplain Cheney, (24) Gauthier, (25) Chaplain Pelsky, (26) CO Ogden, (27) RN Dolittle, (28) Joleane Tribble, (29) CO Fralick, (30) CO Sisson, (31) LaFlure, (32) ARUS Simon, (33) CO Betcke, (34) CO Normington,

(35) Warden Davids, (36) ADW Traylor, (37) Corizon Health Inc., (38) ADW Davis, (39) C Guilford, (40) CO Richardson, (41) Sgt Moore, (42) Delacruz, (43) Michigan Department of Corrections, (44) Grand Prairie and Wellpath Healthcare Services, and (45) RN James Hense.

For the reasons that follow, the Court will summarily dismiss the complaint without prejudice with respect to all but the last two named Defendants.

## I. Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff paid the full filing fee, the Court screens this complaint under 28 U.S.C. § 1915A, which directs the Court to review a civil complaint in which a prisoner seeks redress from a governmental entity or an employee of a

governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## II. Complaint

Plaintiff's omnibus complaint raises claims against dozens of MDOC personnel alleged to have occurred at three different prisons. The complaint states that Plaintiff was housed at the Oaks Correctional Facility in Manistee County until January 15, 2020. On that date, he was transferred to the Ionia Correctional Facility, in Ionia County, where he stayed until September 29, 2021. Plaintiff was then moved to his present place of confinement at the Parnall Correctional Facility in Jackson County.

The allegations in the complaint largely omit the location of each event, but when viewed together with the attached exhibits and accompanying dates, it is possible to deduce where each of the events is asserted to have occurred.

Most of the allegations concern events occurring at the Oaks Correctional Facility. Plaintiff claims that while at Oaks, the first fifteen named Defendants failed to protect him from being assaulted by another inmate, issued a false misconduct ticket, refused to abide by ordered accommodations for Plaintiff's hearing disability, prevented him from complying with his Kosher diet, and caused the loss of his personal property. Plaintiff further asserts that several of the Oaks

Defendants  refused to provide hearing impairment accommodations at various administrative proceedings and retaliated against him in various ways for his filing grievances and civil complaints. Plaintiff also asserts that Oaks Defendants sixteen through twenty-five took actions to prevent him from practicing his Jewish faith.

Plaintiff asserts that Defendants twenty-six thorough forty-three violated his constitutional rights at the Ionia facility. Plaintiff asserts that he was assaulted by a corrections officer at Ionia. Other Ionia Defendants refused to treat him for ear pain and a breathing condition. Plaintiff claims that some Ionia Defendants retaliated against him when he filed complaints and grievances. Other Ionia Defendants conspired to cover-up the assault by the corrections officer. Plaintiff claims he was placed in a cell without power and that was otherwise ill equipped to accommodate his medical condition. Finally, Plaintiff claims that while at Ionia, the MDOC breached a settlement agreement regarding training staff how to interact with deaf inmates.

Only the last two sets of allegations in the complaint concern events alleged to have occurred at the Parnall facility in Jackson. Plaintiff asserts that Defendant Grand Prairie and Wellpath Healthcare Services exhibited deliberate indifference to a serious stomach condition when they refused treatment despite his requests from October 3, 2021, to present. He alleges that Wellpath refuses to treat him in retaliation for previous lawsuits. Plaintiff asserts that Wellpath also delayed

ordering a sleep study for his sleep apnea condition. Finally, Plaintiff asserts that Defendant RN Hence was deliberately indifferent to his serious stomach condition by refusing to schedule him for an appointment and colonoscopy despite obvious symptoms of a serious medical need.

### III. Misjoinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, and Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)(internal quotation omitted). When determining if civil rights

claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "'the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations.'" *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 U.S. Dist. LEXIS 92547, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which is to reduce the large number of frivolous prisoner lawsuits. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation ... 'by making all prisoner [litigants] ... feel the deterrent effect created by liability for filing fees.'" *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997)(quoting *Jackson v. Stinnett*, 102 F.3d 132, 136-137 (5th Cir. 1996)).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B

against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) ....

A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006)(allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998)(declining to allow "litigious prisoners to immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits"); *Shephard v. Edwards*, No. C2-01-563, 2001 U.S. Dist. LEXIS 26805, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001)(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision").

Here, Plaintiff's claims arising at the three different correctional facilities over a period of several years are not transactionally related. The claims associated with the Oaks facility are focused on: (1) a particular assault by another inmate, (2) the failure to provide accommodations at Oaks for Plaintiff's hearing disability, (3) restrictions placed on his religious observance at Oaks, and (4) the loss of personal property. The claims associated with the Ionia facility concern: (1) an assault by a corrections officer at Ionia, (2) the failure to treat ear pain and a breathing condition, and (3) a challenge to the conditions of Plaintiff's cell. The claims raised with respect to the Parnall facility deal with a transactionally unrelated issue – the failure to treat Plaintiff for a stomach condition.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." *Id*. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572-73 (2004)("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time ....'")(quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *Carney v. Treadeau*, No. 2:07-cv-83, 2008 U.S. Dist. LEXIS 11859, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v.*

*Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988)("[D]ismissal of claims against misjoined parties is appropriate.").

The Court therefore will exercise its discretion under Rule 21 and dismiss without prejudice to the institution of new lawsuits by Plaintiff against Defendants: (1) CO Weller, (2) CO Nalley, (3) ADW Clouse, (4) ARUS McCary, (5) ARUS Johnson, (6) Warden Parish, (7) CO Austin, (8) CO Ratliff, (9) ARUS McColl, (10) ADA Smith, (11) ARUS Erway, (12) L Willingham, (13) RUM Haske, (14) Dr. R. Crompton, (15) Goodspeed, (16) Chaplin Pelsky, (17) Chaplain S Adamson, (18) CO Brown, (19) RN Lori Blanchard, (20) J Tunell, (21) Kenneth McKee, (22) Chaplain Duby, (23) Chaplain Cheney, (24) Gauthier, (25) Chaplain Pelsky, (26) CO Ogden, (27) RN Dolittle, (28) Joleane Tribble, (29) CO Fralick, (30) CO Sisson, (31) LaFlure, (32) ARUS Simon, (33) CO Betcke, (34) CO Normington, (35) Warden Davids, (36) ADW Traylor, (37) Corizon Health Inc., (38) ADW Davis, (39) C Guilford, (40) CO Richardson, (41) Sgt Moore, (42) Delacruz, and (43) Michigan Department of Corrections. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

The Court dismisses the Oaks and Ionia Defendants and not the Parnall Defendants—though they are named first in the complaint—because venue over the first forty-three Defendants is not proper in this District. The determination of

the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b)). The Oaks and Ionia facilities are located in Manistee and Ionia Counties, where the events giving rise to the claims against these Defendants are alleged to have occurred. Manistee and Ionia Counties are part of the Western District of Michigan. 28 U.S.C. § 102(b). The Court will retain the claims against the two named Defendants associated with the claims occurring at the Parnall facility, which is located in the Eastern District of Michigan.

If Plaintiff wishes to procced with his claims against the improperly joined Defendants, he may do so by filing new civil actions in the Western District of Michigan.

### IV. Conclusion

Accordingly, under § 1915(e)(2), the Court will **DISMISS WITHOUT PREJUDICE** Defendants (1) CO Weller, (2) CO Nalley, (3) ADW Clouse, (4) ARUS McCary, (5) ARUS Johnson, (6) Warden Parish, (7) CO Austin, (8) CO Ratliff, (9) ARUS McColl, (10) ADA Smith, (11) ARUS Erway, (12) L Willingham, (13) RUM Haske, (14) Dr. R. Crompton, (15) Goodspeed, (16) Chaplin Pelsky, (17) Chaplain S Adamson, (18) CO Brown, (19) RN Lori

Blanchard, (20) J Tunell, (21) Kenneth McKee, (22) Chaplain Duby, (23) Chaplain Cheney, (24) Gauthier, (25) Chaplain Pelsky, (26)  CO Ogden, (27) RN Dolittle, (28) Joleane Tribble, (29) CO Fralick, (30) CO Sisson, (31) LaFlure, (32) ARUS Simon, (33) CO Betcke, (34) CO Normington, (35) Warden Davids, (36) ADW Traylor, (37) Corizon Health Inc., (38) ADW Davis, (39) C Guilford, (40) CO Richardson, (41) Sgt Moore, (42) Delacruz, and (43) Michigan Department of Corrections, as the claims against them were improperly joined.

The case will proceed with respect to Defendants (44) Grand Prairie and Wellpath Healthcare Services and (45) RN James Hense.

Plaintiff paid the full filing fee to commence this action. Under the Federal Rules he is therefore responsible for effecting service of the summons and complaint in accordance with Federal Rule of Civil Procedure 4(e) or obtaining a waiver of service pursuant to Federal Rule of Civil Procedure 4(d) on the remaining two Defendants.

**SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Court

Dated: May 25, 2022