UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DONALD BURLEY,

    Plaintiff,

v.

GRAND PRARIE AND WELLPATH
HEALTHCARE SERVICES and
JAMES HENSE, RN,

    Defendants.

_____/

Case No. 2:22-cv-10748
District Judge Denise Page Hood
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION TO GRANT GRAND PRARIE AND WELLPATH HEALTHCARE SERVICES' MOTION TO DISMISS (ECF No. 24)

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Edward Donald Burley (Burley), proceeding *pro se*, is suing Defendants Grand Prairie and Wellpath Healthcare Services (Wellpath) and James Hense, RN (Hense)[1] for deliberate indifference to his serious medical needs. *See* ECF No. 1. Under 28

---

[1] Hense has yet to be served. *See* ECF No. 33 (Service of process documents for Hense received by U.S. Marshals on March 27, 2023).

1

U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 9).

Before the Court is Wellpath's motion to dismiss the complaint for failure to state a claim. (ECF No. 24). The motion is fully briefed. (ECF Nos. 27, 28). For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED and that Wellpath be DISMISSED WITH PREJUDICE.

II.  Background

Burley originally sued 45 defendants at three different institutions for alleged constitutional violations. The district court entered a preliminary order, dismissing Burley's claims arising from events taking place at correctional facilities in Manistee County, Michigan and Ionia County, Michigan, finding that these claims were improperly joined and would be more properly brought in the Western District of Michigan courts. (ECF No. 6, PageID.114-115). Burley's remaining claims stem from his medical treatment at the Parnall Correctional Facility (SMT) in Jackson, Michigan.

The district court summarized Burley's claims against Wellpath and Hence as follows:

> [Burley] asserts that [Wellpath] exhibited deliberate indifference to a serious stomach condition when they refused treatment despite his requests from October 3, 2021, to present. He alleges that Wellpath refuses to treat him in retaliation for previous lawsuits. [Burley] asserts that Wellpath also delayed ordering a sleep study for his sleep apnea condition. Finally, [Burley] asserts that [Hence] was deliberately

2

>indifferent to his serious stomach condition by refusing to schedule him for an appointment and colonoscopy despite obvious symptoms of a serious medical need.

(ECF No. 6, PageID.109-110).

Burley asserts that Wellpath's lack of treatment was in retaliation for his lawsuits against Corizon Health, Inc., and also that Wellpath was refused to afford him a sleep study despite suffering from sleep apnea. (ECF No. 1, PageID.45). He alleges constitutional violations of the First, Eighth, and Fourteenth Amendments, as well as statutory violations of the Americans with Disabilities Act (ADA), the Religious Land Use and Institutionalized Persons Act (RLUIPA), and "infra rights." (*Id.*, PageID.12). Which of these claims apply to Wellpath is unclear.

### III. Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of

3

action ..."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him.... [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

IV. Analysis

Wellpath acknowledges that through its contract with the Michigan Department of Corrections, it may be sued under 42 U.S.C. § 1983 for

4

constitutional deprivations. In the Sixth Circuit, "a private entity which contracts with the [S]tate to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.' " *Keene v. Wellpath Corp.*, No. 3:20-CV-P676, 2021 WL 1294782, at *1 (W.D. Ky. Apr. 7, 2021) (quotation omitted). "Thus, private defendants like Wellpath that have contracted to provide medical services to inmates at [the prison] are afforded the same analysis under § 1983 claims as municipalities." *Id*.

However, a § 1983 claim must be premised upon a personal violation of Burley's rights. *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). Thus, a claim against a municipal corporation is not the same as one against an individual. "A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A plaintiff properly alleges an illegal policy or custom by showing one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id*. (citation omitted). But for

5

municipality liability, the defendant "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694.

Wellpath argues that because Burley has not identified the individuals within Wellpath that caused his deprivation (other than Hense), he must plead that Wellpath has an unconstitutional policy, practice, or custom that led to it. In response, Burley argues that he has satisfied the elements of a deliberate indifference claim under *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), and therefore Wellpath is liable. This argument misses the mark. While Burley may have had an objective medical need that was sufficiently serious, he cannot properly claim that Wellpath knew of and disregarded this need, because Wellpath is not a person. Burley cites *Winkler v. Madison Cnty.*, 893 F.3d 877, 900 (6th Cir. 2018) for its proposition that a constitutional violation may be attributable to a municipality even where no individual actor is responsible. But this can only be so when there is a valid *Monell* claim, such as "when a government actor in good faith follows a faulty municipal *policy*." *Id*. (quoting *Epps v. Lauderdale County*, 45 F. App'x 332 (6th Cir. 2002)) (emphasis added). Thus, Burley cannot sidestep the *Monell* pleading requirements even where enforcing them might cause him to "expend valuable resources in possib[ly] amending the complaint[.]" (ECF No. 27, PageID.199).

6

Burley also hints that he has shown a custom on the part of Wellpath by their continual denial of the medical treatment he required. *See* ECF No. 27, PageID.182. However, Burley has not shown that Wellpath had a custom to not treat his conditions, because as he alleges, Wellpath "treated other prisoners with similar medical conditions[.]" (ECF No. 1, PageID.45). Further, he cannot argue that Wellpath customarily discriminates against members of a protected class, because he has not identified a class or trait that would be the subject of such discrimination. Thus, Burley has not pled a plausible *Monell* claim against Wellpath.

Burley also argues that Wellpath overlooked his ADA claim against it. *See* ECF No. 27, PageID.183. He says he raised an ADA claim, and refers to page four of his complaint. Page four, however, only references an ADA claim generally and does not state to which of the initial 45 defendants it applies. The paragraphs containing allegations against Wellpath do not reference the ADA or any claim of discrimination based on a disability. (ECF No. 1, PageID.45). Thus, Burley has not sufficiently plead an ADA claim against Wellpath.

Even assuming Burley had pled an ADA against Wellpath, such a claim fails. First, the ADA was not intended to cover claims of inadequate medical treatment. *See Kensu v. Rapelje*, No. 12-11877, 2015 WL 5302816, at *4 (E.D. Mich. Sept. 10, 2015) (citing *Carrion v. Wilkinson,* 309 F.Supp.2d 1007, 1016

7

(N.D. Ohio 2004) and *Stevenson v. Pramstaller,* No. 07–14040, 2008 WL 5085145, at *3 (E.D. Mich. Oct. 2, 2008) *report and recommendation adopted*, 2009 WL 804748 (E.D. Mich. Mar. 24, 2009)). Additionally, Wellpath is not governed by the ADA because it is not a public entity and "did not become [one] by contracting with the State government to provide health services to prison inmates." *Bell v. Washington*, No. 2:21-CV-12481, 2022 WL 2346371, at *2 (E.D. Mich. June 29, 2022) (citing *Cox v. Jackson*, 579 F. Supp. 2d 831, 852 (E.D. Mich. 2008) and *Wilson v. Mich. Dep't of Corr.*, No. 2:18-CV-10008, 2019 WL 5800292, at *4 (E.D. Mich. June 6, 2019) (collecting cases)).

Overall, the undersigned recommends that Burley's claims against Wellpath be dismissed, because he has not stated a valid *Monell* or ADA claim against it.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Wellpath's motion to dismiss for failure to state a claim, (ECF No. 24), be GRANTED and that Wellpath be DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: April 18, 2023  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2023.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager
