**United States District Court**
**Eastern District of Michigan**
**Southern Division**

EDWARD DONALD BURLEY,

    Plaintiff,

V.

GRAND PRARIE AND WELLPATH
HEALTHCARE SERVICES and
JAMES HENSE, RN,

    Defendants.
_____/

Case No. 2:22-cv-10748

HON. DENISE PAGE HOOD

### ORDER ACCEPTING AND ADOPTING THE OCTOBER 21, 2022, REPORT AND RECOMMENDATION (ECF No. 34) AND ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (ECF No. 24)

This matter is before the Court on Magistrate Judge Kimberly G. Altman's Report and Recommendation filed April 18, 2023 (ECF No. 34) regarding Defendant Grand Prairie and Wellpath Healthcare Services' ("Wellpath's") motion to dismiss for failure to state a claim filed October 21, 2022 (ECF No. 24). No Objections have been filed to date by Plaintiff Edward Donald Burley ("Burley") to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge concluded that Burley did not plead a plausible *Monell* claim, which requires a basis for a lawsuit under § 1983 to be attributed to a municipality's policy or custom. Additionally, Magistrate Judge Altman determined that Burley did not present a plausible Americans with Disabilities Act (ADA) claim because (1) the ADA was not intended to cover inadequate medical treatment and (2) Wellpath is not governed by the ADA as it is not a public entity. Based on these findings, the Magistrate Judge recommended that this Court grant Wellpath's Motion to dismiss for failure to state a claim.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified purpose findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.* In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the right to appeal the Magistrate Judge's recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 Fed 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Under Fed. R. Civ. P. 12(b)(6), "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 544, 555 (2007). The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id. Pro se* complaints are not typically held to the same standards as formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court should not be left to guess the nature of the claim asserted in the complaint. A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom, under *Monell. Burgess v Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 65, 694 (1978)).

Upon reviewing the Report and Recommendation, the Court agrees with the Magistrate Judge's conclusion. The Court finds that Burley failed to (1) include factual matters within his

2

complaint and (2) to state a claim of relief that is plausible on its face. Burley did not provide a policy or custom of Wellpath that was created with the intent to violate his constitutional rights, which is necessary to sue Wellpath under 42 U.S.C. § 1983. Burley focused on the actions of the agents/employees who allegedly neglected to provide him medical attention, which is not covered by that specific law. The Court also concurs that the ADA claim against Wellpath failed because the ADA was not intended to cover claims of inadequate medical treatment and Wellpath is not governed by the ADA as it is not a public entity. Even if the Court were to consider the objection filed by Burley it appears that the same issues would arise. The objection does not present claims against Wellpath as a whole, but rather focuses on individual instances of alleged indifference by its employees. Wellpath's motion to dismiss for failure to state a claim is granted and Wellpath is dismissed with prejudice.

For the reasons stated above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Kimberly G. Altman **[ECF No. 34, filed on April 18, 2023]** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Grand Prairie and Wellpath Healthcare Services' Motion to Dismiss. **[ECF No. 24, filed on October 21, 2022]** is GRANTED and is DISMISSED with prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:  July 31, 2023